*UNITED STATES DISTRICT COURT*
*CENTRAL DISTRICT OF CALIFORNIA*
*WESTERN DIVISION*

| | |
|---|---|
| Mohlar Hurley Partners, Inc. d/b/a HM Showroom, <br><br> Plaintiff, <br><br> v. <br><br> Tkees, Inc., <br><br> Defendant. | Case No. CV 15-1157 CAS/AJWx <br><br> **PROTECTIVE ORDER** |

Pursuant to the Stipulation for Protective Order (ECF No. 40), entered into by the parties, seeking an order designating that certain information and documents may be disclosed only in designated ways,

**IT IS HEREBY ORDERED** that the Stipulation (ECF No. 40 is **ADOPTED**, and confidential information shall be disclosed only in the following ways:

1. As used in the Protective Order, these terms have the following meanings: "Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may only designate material as "Confidential" which that Party in good faith believes there is "good cause" for the protections of this Order, pursuant to Fed. R. Civ. P. 26(c)(1)(G) in that it contains material that is a trade secret, confidential research, proprietary development, sensitive and proprietary business or financial information, material of a highly personal and sensitive nature, or material restricted from disclosure by state or federal law or regulation.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony; (e) the parties;

    (f)  outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

  5.  Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

  6.  Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of

1 notice, no disclosure shall be made until the party seeking disclosure obtains the
2 prior approval of the Court or the objecting party.

3
4      7.     All depositions or portions of depositions taken in this action that
5 contain confidential information may be designated "Confidential" and thereby
6 obtain the protections accorded other "Confidential" documents.  Confidentiality
7
8 designations for depositions shall be made either on the record or by written notice
9 to the other party within 14 days of receipt of the transcript.  Unless otherwise
10 agreed, depositions shall be treated as "Confidential" during the 14-day period
11
12 following receipt of the transcript. The deposition of any witness (or any portion of
13 such deposition) that encompasses Confidential information shall be taken only in
14 the presence of persons who are qualified to have access to such information.
15
16      8.     Any party who inadvertently fails to identify documents as
17 "Confidential" shall, promptly upon discovery of its oversight, provide written
18 notice of the error and substitute appropriately-designated documents. Any party
19
20 receiving such improperly- designated documents shall retrieve such documents
21 from persons not entitled to receive those documents and, upon receipt of the
22 substitute documents, shall return or destroy the improperly-designated documents.
23
24      9.     If a party files a document containing Confidential information with
25 the Court, it shall do so in compliance with the Electronic Case Filing Procedures
26 for the Central District of California, specifically C.D. Cal. LR 79-5.1. If a party
27
28 intends to submit, in connection with a motion or trial, a document the party

believes in good faith does not qualify for filing under seal but which has been designated by another party as confidential or protected, the party intending to file the document shall follow the procedures set forth in this protective order to challenge the designation of the document to the extent possible before the party's submission is due.

10. If a party or non-party objects to the designation of, or failure to designate, any information as "Confidential," such challenging party shall make such objection by giving written notice to counsel of record. Within seven (7) days after such notice is received, counsel for the parties shall meet and confer. If the parties are unable to resolve their differences, the challenging party may apply to the Court for a determination whether such material is properly designated as "Confidential." The burden of persuasion in any such proceedings before the Court shall be on the designating party or the party requesting designation. Any information that becomes the subject of a meet and confer conference, as described above, shall be treated as "Confidential" material and shall be subject to the terms of these provisions until the Court has ruled on the issue of confidentiality.

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the

60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

SO ORDERED:

Date: November 16, 2015        BY THE COURT

\_\_\_\_\_ *[signature]* .
HONORABLE ANDREW J. WISTRICH
U. S. MAGISTRATE JUDGE

# EXHIBIT A
# WRITTEN ASSURANCE

I, _____, do hereby declare that I reside at _____, City of _____, County of _____, State of _____, and that my telephone number is _____. I currently work for _____ and my position / title is _____.

I do further declare that I have read and I understand the terms of the Protective Order dated _____ , filed in that case entitled _____, Court No. _____ currently pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I understand and agree that I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any

-1-
PROTECTIVE ORDER

1  documents in my possession designated "Confidential", and all copies, excerpts,
2  summaries, notes, digests, abstracts, and indices relating to such documents.
3  
4      I further agree to submit myself to the jurisdiction of the United States
5  District Court for the Central District of California for the purpose of enforcing or
6  otherwise providing relief relating to the Protective Order.
7  
8      Executed on:
9  
10  _____
         (Date)                              (Signature)